JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-11474 JGB (ACCVx)** | Date | November 9, 2026 |
| Title | ***Saeed Masjedi v. Alexander Giza, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order DISMISSING Plaintiff's Complaint (IN CHAMBERS)**

The Court reviews plaintiff Saeed Masjedi's Complaint. ("Complaint," Dkt. No. 1.) The Court determines this matter is appropriate for resolution without hearing. See Fed. R. Civ. P. 78; L.R. 7-15. The Court **DISMISSES** the Complaint sua sponte.

## I. BACKGROUND

On June 14, 2026, plaintiff Saeed Masjedi ("Plaintiff") filed a complaint against defendants Alexander Giza ("Giza"), Elizabeth Valdez ("Valdez"), Ashton Watkins ("Watkins"), and does 1 through 10 (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges a violation of 42 U.S.C. § 1983 as the only cause of action. (Compl. at 3-4.)

## II. DISCUSSION

The Complaint alleges that Defendants jointly participated in the imposition of "extrinsic fraud upon the institution of the court so as to deprive [Plaintiff] of [his] constitutional rights." (Id. at 3.) Plaintiff contends that a Los Angeles Superior Court case (identified as "23STCV11253") is currently pending, in which he is the plaintiff and cross-defendant. (Id.) Defendant Giza is the Los Angeles County Superior Court Judge presiding over his state court action. (Id. at 2.) Defendant Valdez is the defendant and cross-complainant in the state-court action and Defendant Wakins is identified as an attorney and agent for Ms. Valdez. (Id. at 2-3.)

Defendant Giza, "in his capacity as a state actor" as the judge, allegedly "knowingly, intentionally, purposefully, and despicably so, in conscious disregard for [Plaintiff's] rights and welfare, imposed extrinsic fraud" by falsely claiming that he had been served with the cross-summons and cross-complaint and issued a minute order declaring him a vexatious litigant. (Id. at 3-4.) According to Plaintiff, the defendants, through a "meeting of the minds," worked together to "deprive him of his federal constitutional rights. (Id. at 3.)

Under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Where a party fails to state a claim under Fed. R. Civ. P. 12(b)(6), a court may dismiss the claim sua sponte. Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

The Court construes Plaintiff's pro se pleadings "liberally" and affords Plaintiff "the benefit of any doubt." Chambers v. Herrera, 78 F.4th 1100, 1104 (9th Cir. 2023) (internal citations omitted). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. Lathus v. City of Huntington Beach, 56 F.4th 1238, 1243 (9th Cir. 2023).

The Rooker-Feldman doctrine bars district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine bars federal district courts from exercising subject matter jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." Hooper v. Brnovich, 56 F.4th 619, 624 (9th Cir. 2022) (quoting Morrison v. Peterson, 809 F.3d 1059, 1069–70 (9th Cir. 2015)).

Federal courts cannot hear such de facto appeals of state court judgments because, "[a]bsent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007). Thus, district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983). "To determine whether an action functions as a de facto appeal, [courts] 'pay close attention to the relief sought by the federal-court plaintiff.'" Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)).

The Ninth Circuit has previously identified "two kinds of cases in which such a forbidden de facto appeal might be brought[:]" (1) where a federal plaintiff complains of a harm caused by a state court judgment that directly withholds a benefit from the federal plaintiff and (2) where the federal plaintiff complains of a legal injury caused by a state court judgment, based on an alleged erroneous legal ruling, in a case in which the federal plaintiff is involved as a litigant. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court." Id. at 1164. Here, Plaintiff alleges legal injury caused by Defendant Giza's "erroneous legal rulings" that he was served with the cross-summons and cross-complaint and by declaring him a vexatious litigant. (See Compl. at 3-4.) As a result, the Rooker-Feldman doctrine bars Plaintiff's action. Leave to amend in this instance would be futile because the Court does not have subject matter jurisdiction over the claims. See Noell, 341 F.3d at 1154; Lathus, 56 F.4th at 1243.

Moreover, even if Plaintiff had nonfrivolous claims, Defendant Giza is immune from liability. Judicial immunity, protects "[j]udges and those performing judge-like functions" from damage liability for "judicial acts taken within the jurisdiction of their courts," Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc), and applies "even when the judge is accused of acting maliciously and corruptly," Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted); see also 28 U.S.C. § 2674 (under FTCA, the United States is "entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim[.]")

"If. . . a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction." Noel, 341 F.3d at 1164. Nonetheless, the Court finds that Plaintiff has not pled any facts to support his contention that Defendants Valdez and Watkins, as adverse parties to his state claim, worked in concert with Defendant Giza to allegedly deprive him of his federal constitutional rights. Plaintiff's Complaint largely consists of vague, hyperbolic assertions against Defendants. (See Complaint.) "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff provides no plausible facts as to the alleged "meeting of the minds." Finally, as private actors, defendants Valdez and Watkins may not be sued under 42 U.S.C. § 1983. Jauregui v. United States, No. 8:23-CV-01633-MWF-AJR, 2024 WL 4269103, at *3 (C.D. Cal. July 3, 2024) (cleaned up); see Peterson v. Sutter Med. Found., 615 F. Supp. 3d 1097 (N.D. Cal. 2022), aff'd, No. 23-2911, 2025 WL 1823959, at *1110-*1111 (9th Cir. July 2, 2025). Accordingly, the Court sua sponte **DISMISSES** the Complaint **WITHOUT LEAVE TO AMEND**.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is **DIRECTED** to close the case.
**IT IS SO ORDERED.**